AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court RECEIVED

## Southern District of Alabama

2005 JUL -7 A 9: 32

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **JAMES MICHAEL WEST** | Case Number:  **1:94CR00149-008** |

Debbie Jared

Defendant's Attorney

### THE DEFENDANT:

- ☒ pleaded guilty to count(s)  **one (1) of the indictment.**
- ☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.
- ☐ was found guilty on count(s) _____
  after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.  §  846 | Conspiracy to possess w/intent to dist. crack cocaine | 09/21/1994 | 1 |

Certified to be a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By _Claire Roberts_
Deputy Clerk
Date _7-5-05_

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☒ Count(s)  **4, 7 & 16**                                              are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  **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** | **05/03/1996** |
| Defendant's Date of Birth:  **07/08/1973** | Date of Imposition of Judgment |
| Defendant's USM No.:  **09462-002** | |
| Defendant's Residence Address: | |
| **2916 St. Peter Street** | Signature of Judicial Officer |
| | |
| **Dothan**            **AL**      **36303** | **RICHARD W. VOLLMER, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| **2916 St. Peter Street** | |
| | **5-9-96** |
| **Dothan**            **AL**      **36303** | Date |

Judgment-Page __2__ of __6__

**DEFENDANT:**    **JAMES MICHAEL WEST**

**CASE NUMBER:**    **1:94CR00149-008**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____67____month(s)_____ .

☒ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant be considered for Intensive Confinement Center (BOOT CAMP) in Lewisburg, PA when he becomes eligible.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./p.m. on _____ .

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☒ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED IN OFFICE
3rd _____ MAY
1996  JUDGEMENT ENTRY _____
NO. ___5153-F___
DEBORAH S. HUNT, CLERK
BY _____
DEPUTY CLERK

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Judgment-Page __3__ of __6__

DEFENDANT:      **JAMES MICHAEL WEST**
CASE NUMBER:    **1:94CR00149-008**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____5_____ **year(s)** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**DEFENDANT:**     **JAMES MICHAEL WEST**
**CASE NUMBER:**    **1:94CR00149-008**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $          50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **** Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |
| **Totals:** | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Judgment-Page __5__ of __6__

DEFENDANT:     **JAMES MICHAEL WEST**
CASE NUMBER:    **1:94CR00149-008**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 3/95)(N.C. Sheet 6 - Statement of Reasons   Case 1:05-cr-00163-MHT-CSC   Document 2   Filed 07/07/2005   Page 6 of 24

Judgment-Page   6   of   6

DEFENDANT:      **JAMES MICHAEL WEST**
CASE NUMBER:    1:94CR00149-008

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**See Additional Factual Findings and Guideline Application Exceptions - Sheet   6.01**

**Guideline Range Determined by the Court:**

Total Offense Level:   _____33_____

Criminal History Category:   _____I_____

Imprisonment Range:   _____135_____ to _____168_____ months

Supervised Release Range:   _____ to _____5_____ years

Fine Range:  $ _____17,500.00_____ to $ ___4,000,000.00___

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

    ☒ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

      **The sentence addresses the seriousness of the offense and  sentencing objectives of deterrence, incapacitation and punishment..**

DEFENDANT:        JAMES MICHAEL WEST
CASE NUMBER:      1:94CR00149-008

# ADDITIONAL FACTUAL FINDINGS AND GUIDELINE APPLICATION EXCEPTIONS

1. Defendant meets the criteria set forth at U.S.S.G. 5C1.2 and qualifies for a 2-level reduction pursuant to U.S.S.G. 2D1.1(b)(4).

FILED IN OPEN COURT

SEP 2 3 1994

DEBORAH S. HUNT
CLERK

GAB/pg

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,

       v.

JASON PEREZ TAITE,
    aka JAY,
DARRELL AMOS TAITE,
    aka SKIP,
BYRON F. ODOM,
    aka BULL,
PAUL HETHERINGTON,
    aka BLACK RACER,
OLIVER LOGAN,
L. L. LOGAN,
MICHAEL COX,
    aka LITTLE MIKE,
MIKE WEST,
BOB RIVERS,

        Defendants.

*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*
*

Cr. No. 94-00149-RV

OCDETF No. SE-ALS-031

USAO No. 94R0391

Violations:
18 USC § 2
21 USC § 841(a)(1)
21 USC § 846
21 USC § 853

Certified to be a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By _Claire Roberts_
             Deputy Clerk
Date 7-5-05

**INDICTMENT**

The Grand Jury Charges:

**COUNT ONE**

From in or about March of 1993, and continuing through on or about September 21, 1994, in the Southern District of Alabama, Southern Division,

        JASON PEREZ TAITE,
           aka JAY,
        DARRELL AMOS TAITE,
           aka SKIP,
        BYRON F. ODOM,
           aka BULL,
        PAUL HETHERINGTON,
           aka BLACK RACER,
        OLIVER LOGAN,
        L. L. LOGAN,
        MICHAEL COX,
           aka LITTLE MIKE,
        MIKE WEST,
        BOB RIVERS,



DEBORAH HYCKETT CLERK
U.S. DIST. COURT
MIDDLE DIST. ALA.

2005 JUL -7 A 9: 32

RECEIVED

willfully, knowingly, and unlawfully did conspire with each other
and with other persons whose names are known and unknown to the
Grand Jury, to knowingly and intentionally possess with intent to
distribute a Schedule II controlled substance, to wit:

> To knowingly and intentionally unlawfully possess with
> intent to distribute more than 15 kilograms of a mixture
> and substance containing a detectable amount of cocaine
> which contains cocaine base, commonly known as crack
> cocaine, contrary to Title 21, United States Code,
> Section 841(a)(1).

It was a part of said conspiracy that the aforenamed
defendants themselves or through others at unknown times and places
would obtain, package, and distribute crack cocaine for sale; that
the defendants themselves or through others would from time to time
obtain cocaine powder and convert the said cocaine powder to crack
cocaine at various times and places; that the defendants themselves
or through others would engage in negotiations about price for the
said crack cocaine with prospective purchasers for same, and would
deliver the said crack cocaine to places necessary for such
transactions; all in violation of Title 21, United States Code,
Section 846 and Title 18, United States Code, Section 2.

**COUNT TWO**

In or about the summer of 1993, in the Southern District of
Alabama, Southern Division,

**JASON PEREZ TAITE,**
**aka JAY,**

knowingly and intentionally did unlawfully possess with intent to
distribute approximately four ounces of a mixture and substance
containing a detectable amount of cocaine which contains cocaine

2

base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT THREE

In or about October of 1993, in the Southern District of Alabama, Southern Division,

**MICHAEL COX,**
      **aka LITTLE MIKE,**
**BOB RIVERS,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately four to nine ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT FOUR

In or about November or December of 1993, in the Southern District of Alabama, Southern Division,

**MICHAEL COX,**
      **aka LITTLE MIKE,**
**MIKE WEST,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately three ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

3

## COUNT FIVE

In or about February of 1994, in the Southern District of Alabama, Southern Division,

**BYRON F. ODOM,**
**aka BULL,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately nine ounces of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SIX

In or about March of 1994, in the Southern District of Alabama, Southern Division,

**BYRON F. ODOM,**
**aka BULL,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately 36 ounces of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVEN

In or about May of 1994, in the Southern District of Alabama, Southern Division,

**MICHAEL COX,**
**aka LITTLE MIKE,**
**MIKE WEST,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately five ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine

4

base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHT

In or about June of 1994, in the Southern District of Alabama, Southern Division,

**JASON PEREZ TAITE,**
**aka JAY,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately .5 ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT NINE

In or about June of 1994, approximately one week after Count Eight, in the Southern District of Alabama, Southern Division,

**JASON PEREZ TAITE,**
**aka JAY,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately one ounce of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about July 28, 1994, in the Southern District of

5

Alabama, Southern Division,

### L. L. LOGAN,

knowingly and intentionally did unlawfully possess with intent to distribute approximately two to three ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT ELEVEN

In or about July of 1994, in the Southern District of Alabama, Southern Division,

### JASON PEREZ TAITE,
### aka JAY,

knowingly and intentionally did unlawfully possess with intent to distribute approximately one ounce of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT TWELVE

In or about July of 1994, approximately one week after Count Eleven, in the Southern District of Alabama, Southern Division,

### JASON PEREZ TAITE,
### aka JAY,

knowingly and intentionally did unlawfully possess with intent to distribute approximately four ounces of a mixture and substance

6

containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT THIRTEEN

In or about July of 1994, in the Southern District of Alabama, Southern Division,

**DARRELL AMOS TAITE,**
**aka SKIP,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately nine ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT FOURTEEN

In or about July of 1994, in the Southern District of Alabama, Southern Division,

**BYRON F. ODOM,**
**aka BULL,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately nine ounces of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT FIFTEEN

In or about August of 1994, in the Southern District of Alabama, Southern Division,

7

**DARRELL AMOS TAITE,**
**aka SKIP,**

knowingly and intentionally did unlawfully possess with intent to distribute approximately nine ounces of a mixture and substance containing a detectable amount of cocaine which contains cocaine base, commonly known as crack cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

In committing one or all of the felony offenses alleged in Counts One through Five of this Indictment, which are each punishable by imprisonment for more than one year, the defendants

**JASON PEREZ TAITE,**
**aka JAY,**
**DARRELL AMOS TAITE,**
**aka SKIP,**
**BYRON F. ODOM,**
**aka BULL,**
**PAUL HETHERINGTON,**
**aka BLACK RACER,**
**OLIVER LOGAN,**
**L. L. LOGAN,**
**MICHAEL COX,**
**aka LITTLE MIKE,**
**MIKE WEST,**
**BOB RIVERS,**

used or intended to use certain property in any manner or part, to commit or to facilitate the commission of such violation or violations, and derived property as proceeds which were obtained, directly or indirectly, from such violation or violations. The United States is entitled to forfeiture of any property constituting or derived from any proceeds any such defendant obtained, directly or indirectly as the result of such violation;

8

and any property of any such defendant used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.


All in accordance with Title 21, United States Code, Section 853.


A TRUE BILL


FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEPTEMBER, 1994

EDWARD J. VULEVICH, JR.
UNITED STATES ATTORNEY

9

Case 1:05-cr-00168-MHT-CSC          Document 2          Filed 07/07/2005          Page 17 of 24

MAG

RECEIVED

**U.S. District Court**          2005 JUL -7  A 9: 32
**Southern District of Alabama - District Version 2.4 (Mobile)**
**CRIMINAL DOCKET FOR CASE #: 1:94-cr-00149-CB-S-8**   IT. CLK
**Internal Use Only**                                U.S. DISTRICT COURT
                                                     MIDDLE DIST OF ALA

Case title: USA v. Taite, et al                    Date Filed: 09/23/1994

Assigned to: Senior Judge Charles R.
Butler, Jr
Referred to: Magistrate Judge William
H. Steele (MJ)

**Defendant**

**Mike West** (8)                  represented by  **Mike West**
                                                   09462-002
                                                   FPC Montgomery
                                                   Maxwell AFB
                                                   BHM-Unit
                                                   Montgomery, AL 36112
                                                   PRO SE

Cert... a true and
correct copy of the original.
Charles R. Diard, Jr.
U.S. District Court
Southern District of Alabama
By Claire Roberts
                 Deputy Clerk
Date  7-5-05

**Debbie L. Jared**
P. O. Box 358
Elba, AL 36323
(334) 897-3507
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Mike West**
2916 St. Peter Street
Dothan, AL 36303
(334) 793-3175
*ATTORNEY TO BE NOTICED*

**Pending Counts**                                 **Disposition**

21:846 CONSPIRACY TO POSSESS              Dft. pled guilty as to Ct. 1 of the
WITH INTENT TO DISTRIBUTE                 indictment; Cts. 4, 7 & 16 (Forfeiture
CRACK COCAINE                             count) are dismissed on mtn of USA; dft
(1)                                       committed to custody of BOP for a term

of 67 mos; court recommends that dft be considered for Intensive Confinement Center (Boot Camp) in Lewisburg, PA when he becomes eligible; dft to self surrender; dft to be placed on SRT for a term of 5 yrs w/special conditions as stip; SA $50

## Highest Offense Level (Opening)

Felony

## Terminated Counts

21:841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE
(4)

21:841(a)(1) POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE
(7)

## Disposition

Dft. pled guilty as to Ct. 1 of the indictment; Cts. 4, 7 & 16 (Forfeiture count) are dismissed on mtn of USA; dft committed to custody of BOP for a term of 67 mos; court recommends that dft be considered for Intensive Confinement Center (Boot Camp) in Lewisburg, PA when he becomes eligible; dft to self surrender; dft to be placed on SRT for a term of 5 yrs w/special conditions as stip; SA $50

Dft. pled guilty as to Ct. 1 of the indictment; Cts. 4, 7 & 16 (Forfeiture count) are dismissed on mtn of USA; dft committed to custody of BOP for a term of 67 mos; court recommends that dft be considered for Intensive Confinement Center (Boot Camp) in Lewisburg, PA when he becomes eligible; dft to self surrender; dft to be placed on SRT for a term of 5 yrs w/special conditions as stip; SA $50

## Highest Offense Level (Terminated)

Felony

## Complaints

None

## Disposition

## Plaintiff

| United States of America | represented by | **Gloria A. Bedwell** |
|---|---|---|

U.S. Attorney's Office
63 S. Royal St., Rm. 600
Mobile, AL 36602
(334) 441-5845
Fax: 2514415277
Email: gloria.bedwell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard H. Loftin**
U.S. Attorney's Office
63 S. Royal St., Rm. 600
Mobile, AL 36602
(334) 441-5845
Fax: 2514415277
Email: richard.loftin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles A. Kandt**
U.S. Attorney's Office
63 S. Royal St., Rm. 600
Mobile, AL 36602
(334) 441-5845
Fax: 2514415277
*TERMINATED: 12/23/2003*

**Maria E. Murphy**
U.S. Attorney's Office
63 S. Royal St., Rm. 600
Mobile, AL 36602
(334) 441-5845
Fax: 2514415277
Email: maria.murphy@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/1994 | 1 | INDICTMENT as to Jason Perez Taite (1) count(s) 1, 2, 8, 9, 11, 12, Darrell Amos Taite (2) count(s) 1, 13, 15, Byron F. Odom (3) count(s) 1, 5, 6, 14, Paul Hetherington (4) count(s) 1, Oliver Logan (5) count(s) 1, L. L. Logan (6) count(s) 1, 10, Michael Cox (7) count(s) 1, 3, 4, 7, Mike West (8) count(s) 1, 4, 7, Bob Rivers (9) count(s) 1, 3 (mab) (Entered: 09/26/1994) |
| 09/23/1994 | | **Added Government Attorney Gloria A. Bedwell (mab) (Entered: 09/27/1994) |

| 09/26/1994 | 16 | PRAECIPE for Warrant by USA as to Mike West (mab) (Entered: 09/26/1994) |
|---|---|---|
| 09/26/1994 | 17 | Arrest WARRANT issued to USM as to Mike West (mab) (Entered: 09/26/1994) |
| 01/04/1995 | | CASE REFERRED to Mag. Judge William H. Steele (mab) (Entered: 01/05/1995) |
| 01/17/1995 | 28 | MOTION by USA as to Mike West for Detention hearing , filed in open Court before Mag. Judge William H. Steele (mab) (Entered: 01/18/1995) |
| 01/17/1995 | 29 | Non-surety (signature) BOND entered by Mike West in Amount $ 50,000 ( Surety name: Lorretta West & James M. West) ( signed by Mag. Judge William H. Steele ) (mab) Modified on 01/18/1995 (Entered: 01/18/1995) |
| 01/17/1995 | 30 | ORDER Setting Conditions of Release as to Mike West terminating [28-1] motion for Detention hearing ( Signed by Mag. Judge William H. Steele), copies to Probation and Pretrial, (mab) (Entered: 01/18/1995) |
| 01/17/1995 | 31 | ORDER ON ARRAIGNMENT as to Mike West setting Jury Trial for 9:00 3/6/95 for Mike West ; Pretrial Motions due on 2/3/95 for Mike West ; POC with Probation Officer Jennifer Childress on 9:30 2/2/95 for Mike West ; Pretrial Conference for 3:00 2/7/95 for Mike West ; ( Signed by Mag. Judge William H. Steele ), copies to counsel, USM, P/T, Prob. & Dft. (mab) (Entered: 01/18/1995) |
| 01/17/1995 | | **Added party Loretta West, James M. West as suretys for Mike West (mab) (Entered: 01/18/1995) |
| 01/17/1995 | | **Added for Mike West Attorney Debbie L. Jared (mab) (Entered: 02/08/1995) |
| 01/23/1995 | | ARREST of Mike West in Middle District of Alabama (mab) (Entered: 01/24/1995) |
| 01/23/1995 | 32 | Rule 40 Documents as to Mike West received from Middle District of Alabama, which includes certified copies of Waiver of Rule 40 hearing, Commitment to Another District, Mag. Judge's Criminal Minutes and docket sheet, (mab) (Entered: 01/24/1995) |
| 01/24/1995 | 33 | Arrest WARRANT issued 9/26/94 Returned Executed as to Mike West on 1/13/95 (mab) (Entered: 01/27/1995) |
| 02/07/1995 | 36 | ORDER as to Mike West that the Court was notified by the parties that he intends to enter a guilty plea; set Change of Plea Hearing for 9:00 2/17/95 for Mike West before Judge Richard W. Vollmer; pretrial conference is CANCELLED; ( Signed by Mag. Judge William H. Steele), copies to counsel, USM, P/T, Prob., & Dft. (mab) (Entered: 02/08/1995) |
| 02/17/1995 | | Deadline updated as to Mike West, set Change of Plea Hearing for 9:00 2/21/95 for Mike West before Judge Richard W. Vollmer Jr. (mpp) (Entered: 02/17/1995) |

| 02/21/1995 | 57 | Plea Agreement as to Mike West filed in open court, (mab) (Entered: 02/21/1995) |
|---|---|---|
| 02/21/1995 | 58 | ORDER ON GUILTY PLEA entered by Judge Vollmer as to Mike West Guilty: Mike West (8) count 1 (Terminated deadlines) sentence set on 8:30 5/18/95 for Mike West before Judge Richard W. Vollmer Jr., copies to counsel, USM, P/T, Prob. & Dft. (mab) (Entered: 02/21/1995) |
| 03/20/1995 | | **Terminated deadlines, Governments responses received (Docs. 101 & 102), (mab) (Entered: 03/21/1995) |
| 05/01/1995 | 130 | MOTION by Mike West to Continue [sentencing] Referred to Judge Richard W. Vollmer Jr. [motion found on this date stapled beneath doc. 129] (mpp) (Entered: 05/03/1995) |
| 05/01/1995 | 129 | POSITION of Mike West regarding sentencing factors (mab) (Entered: 06/15/1995) |
| 05/02/1995 | | NOTE: Motion to continue sentencing filed by Mike West (copy) endorsed GRANTED by J/Vollmer - waiting on original for filing (mpp) (Entered: 05/02/1995) |
| 05/03/1995 | 131 | NOTICE OF RULING as to Mike West granting [130-1] motion to Continue [sentencing] RESET Sentencing for 8:30 8/2/95 for Mike West before Judge Richard W. Vollmer Jr. signed by Judge Richard W. Vollmer Jr. ; copies to counsel,Prob, P/T,USM,dft (mpp) (Entered: 05/03/1995) |
| 05/11/1995 | 132 | NOTICE OF TENTATIVE FINDINGS entered by Judge Richard W. Vollmer Jr. with respect to positions regarding sentencing factors filed by USA as to Mike West, copies to counsel. (mab) (Entered: 05/11/1995) |
| 05/11/1995 | 133 | NOTICE OF TENTATIVE FINDINGS entered by Judge Richard W. Vollmer Jr. with respect to positions regarding sentencing factors filed by Mike West, copies to counsel. (mab) (Entered: 05/11/1995) |
| 05/30/1995 | 144 | POSITION of USA regarding sentencing factors as to Mike West (mpp) (Entered: 05/30/1995) |
| 06/15/1995 | | **Reset last document number to 150 (mab) (Entered: 06/15/1995) |
| 07/14/1995 | | Appeal Information Sheet received RE: [141-1] appeal by Darrell Amos Taite indicating request for transcription of jury instructions and trial. Estimated completion date 8-14-95. (dktclerk) (Entered: 07/14/1995) |
| 07/19/1995 | 170 | MOTION by USA as to Mike West to Postpone Sentencing , referred to Judge Richard W. Vollmer Jr. as to Mike West (8) (mjn) (Entered: 07/20/1995) |
| 07/20/1995 | 171 | NOTICE OF RULING as to Mike West granting [170-1] motion to Postpone Sentencing as to Mike West (8), reset Sentencing for 8:30 11/7/95 for Mike West before Judge Richard W. Vollmer Jr. signed by Judge Richard W. Vollmer Jr. (mjn) (Entered: 07/20/1995) |

| 11/06/1995 | 208 | MOTION by James M. West as to Mike West to Postpone Sentencing , referred to Judge Richard W. Vollmer Jr. as to Mike West (8) (mjn) (Entered: 11/06/1995) |
|---|---|---|
| 11/06/1995 | 209 | NOTICE OF RULING as to Mike West granting [208-1] motion to Postpone Sentencing as to Mike West (8), reset Sentencing for 8:30 2/22/96 for Mike West before Judge Richard W. Vollmer Jr. signed by Judge Richard W. Vollmer Jr.; Copies USM, USA, Prob, pretrial, atty for def; (mjn) (Entered: 11/09/1995) |
| 02/07/1996 | 223 | MOTION by Mike West to Postpone Sentencing , referred to Judge Richard W. Vollmer Jr. as to Mike West (8) (srr) (Entered: 02/12/1996) |
| 02/14/1996 | 224 | NOTICE OF RULING as to Mike West granting [223-1] motion to Postpone Sentencing as to Mike West (8), reset Sentencing for 8:30 5/3/96 for Mike West before Judge Richard W. Vollmer Jr. signed by Judge Richard W. Vollmer Jr. 2/13/96 (copies mailed) (srr) (Entered: 02/14/1996) |
| 02/28/1996 | | Appeal Information Sheet received RE: [211-1] appeal by L. L. Logan from Eddie Howard indicating no financial arrangements have been made for transcription cost. (dktclerk) (Entered: 02/28/1996) |
| 02/28/1996 | | CASE reassigned to Chief Judge Charles R. Butler Jr. (case was originally assigned to Judge Butler, then, inadvertently reassigned to Judge Hand; this correction back to Judge Butler "rights" the file) (skn) (Entered: 03/04/1996) |
| 03/07/1996 | | Appeal Information Sheet received RE: [217-1] appeal by Bob Rivers for transcription of 9/14/95 - 9/18/95 opening statements, closing arguments, jury instructions, trial; 9/5/95 voir dire; k1/11/96 sentencing. (dktclerk) (Entered: 03/07/1996) |
| 04/16/1996 | | Appeal Information Sheet received RE: [233-1] appeal by Paul Hetherington requesting transcription of 3/19/96 sentence hearing (Charles Howard); 2/24/95 guilty plea (Mary Francis Giattina). (dktclerk) (Entered: 04/16/1996) |
| 05/03/1996 | | Sentencing Hearing as to Mike West held and appeals checklist waived by counsel ; CR Giattina (srr) (Entered: 05/03/1996) |
| 05/03/1996 | | Sentencing Hearing as to Mike West held and appeals checklist furnished to counsel (mjn) (Entered: 05/08/1996) |
| 05/03/1996 | 243 | JUDGMENT Mike West (8) count(s) 1, 4 , 7 . Dft. pled guilty as to Ct. 1 of the indictment; Cts. 4, 7 & 16 (Forfeiture count) are dismissed on mtn of USA; dft committed to custody of BOP for a term of 67 mos; court recommends that dft be considered for Intensive Confinement Center (Boot Camp) in Lewisburg, PA when he becomes eligible; dft to self surrender; dft to be placed on SRT for a term of 5 yrs w/special conditions as stip; SA $50 ( Signed by Judge Richard W. Vollmer Jr. ) M/E # 5153-F (copies mailed 5/13/96) (srr) (Entered: 05/14/1996) |

| 06/18/1996 | | Appeal Information Sheet received RE: [233-1] appeal by Paul Hetherington from Mary Giattina indicating completion date of 7/17/96 for filing of guilty plea transcript. (dktclerk) (Entered: 06/18/1996) |
|---|---|---|
| 06/25/1996 | 246 | USM return filed showing judgment/committment Returned Executed as to Mike West on 6/15/96 to FPC MONTGOMERY, AL, MAXWELL AFB, AL; (mjn) (Entered: 07/12/1996) |
| 11/04/1996 | | **Remove appeal flag - no further appeals pending (dktclerk) (Entered: 11/04/1996) |
| 01/06/1997 | 254 | MOTION by Mike West to modify [243-1] judgment order , referred to Judge Richard W. Vollmer Jr. as to Mike West (8) (srr) (Entered: 01/06/1997) |
| 01/23/1997 | 255 | ORDER as to Mike West, Response to Motion set to 2/7/97 for USA & USP for [254-1] motion to modify [243-1] judgment order ( Signed by Judge Richard W. Vollmer Jr. ) copies mailed (srr) (Entered: 01/24/1997) |
| 02/07/1997 | 256 | RESPONSE by USA as to Mike West re [254-1] motion to modify [243-1] judgment order (mpp) (Entered: 02/13/1997) |
| 10/14/1998 | | Original Papers Transmitted to 11th Circuit re: [265-1] appeal consisting of 3 vols. pldg., 2 vols. transcript; 1 envelope defendant's exhibits. (dktclerk) (Entered: 10/14/1998) |
| 07/11/2001 | 288 | NOTICE of Appearance for USA by Attorney Charles A. Kandt as to 2255 filed by Bob Rivers (cwr) (Entered: 07/11/2001) |
| 04/03/2003 | | **Terminated document(s) as to Loretta West, James M. West, Jason Perez Taite, Darrell Amos Taite, Byron F. Odom, Paul Hetherington, Oliver Logan, L. L. Logan, Michael Cox, Mike West, Bob Rivers, USA : [263-1] motion affidavit and request to enter default as to Darrell Amos Taite (2), [279-1] motion for Leave to File response to govt's response to 2255 out of time as to Jason Perez Taite (1), [274-1] motion to Proceed in Forma Pauperis as to Jason Perez Taite (1), [221-2] motion for Appointment of Counsel on appeal as to Bob Rivers (9), [221-3] motion to Proceed in Forma Pauperis as to Bob Rivers (9) (srr) (Entered: 04/03/2003) |
| 12/22/2003 | 296 | ORDER denying [254] Motion for modification of sentence as to Mike West (8). Signed by Judge Charles R. Butler Jr. on 12/22/03. (srr, ) (Entered: 12/23/2003) |
| 03/07/2005 | 312 | MOTION to terminate supervised release by Mike West. Referred to Judge Butler(cwr, ) (Entered: 03/08/2005) |
| 03/18/2005 | 318 | ENDORSED ORDER denying 312 Motion to Terminate Supervised Release as to Mike West (8). Signed by Judge Charles R. Butler Jr. on March 18, 2005. (aen, ) (Entered: 03/18/2005) |
| 06/28/2005 | 321 | Probation Jurisdiction Transferred to Middle Dist. of Alabama as to Mike West Transmitted Transfer of Jurisdiction form, with certified copies of |

indictment, judgment and docket sheet. (cwr, ) (Entered: 07/05/2005)

**Case #: 1:94-cr-00149-CB-S**